UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RYAN GARCIA,<br>U.S. Pretrial Services Officer,<br><br>　　　　　Defendant. | No. 2:18-cv-02874 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a federal detainee incarcerated at the Krome Service Processing Center in Miami, Florida, under the authority of the United States Immigration and Customs Enforcement (ICE). Plaintiff proceeds pro se with this putative civil rights action brought under <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971), and an application to proceed in forma pauperis. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, the undersigned grants plaintiff's motion to proceed in forma pauperis and recommends this action be summarily dismissed for failure to state a cognizable claim.

II. In Forma Pauperis Application

Plaintiff has submitted a declaration in support of his application to proceed in forma pauperis that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's

request to proceed in forma pauperis, ECF No. 2, will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

  III. Screening of the Complaint

    A. Legal Standards

This court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; see also Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."). The critical inquiry is whether a claim, however inartfully pled, has an arguable legal and factual basis.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406,

409 (9th Cir. 1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages based on a violation of plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. Thus, to state a Bivens claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. Id.

### B. Plaintiff's Allegations

This case is one of several putative civil rights actions filed by plaintiff in this district. The following background is pertinent.[1] By order filed February 16, 2017, and pursuant to a plea agreement, plaintiff was convicted in this district court of bank fraud and aggravated identity theft, and sentenced to a federal prison term of 54 months. See United States v. Mehmood, Case No. 2:12-cr-00154 JAM (ECF No. 457).[2] Shortly thereafter, while still subject to supervised release (ECF No. 508), plaintiff was surrendered to ICE for deportation proceedings pursuant to 18 U.S.C. § 3583(d)(3) (ECF No. 457). A continued restitution hearing is scheduled in plaintiff's criminal proceeding on December 4, 2018. (ECF No. 503).

In the instant complaint, plaintiff alleges that he was initially arrested on April 3, 2012, then released on bail without incident for a period of eleven months, despite numerous instances of his GPS ankle bracelet overheating and needing to be replaced. Plaintiff alleges that on February 28, 2013, the bracelet again overheated and "was near to explode." ECF No. 1 at 9. Fearing for his safety and life, plaintiff called the emergency number for defendant Pretrial Services Officer (PTO) Ryan Garcia "but got no reply." Plaintiff "then cut off his ankle GPS but stayed at home . . . with no intention to flee from prosecution or from [the] court's jurisdiction." Id. However, plaintiff "then left to reconcile with his wife who [had] left the home earlier after a verbal argument." Id. Plaintiff received a call from defendant informing him that he had violated

---

[1] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] Citations to the docket appearing in parentheses refer to plaintiff's criminal case, United States v. Mehmood, Case No. 2:12-cr-00154 JAM.

3

the terms of his conditional release and that United States Marshals were on their way to arrest plaintiff. Plaintiff was arrested on March 9, 2013. Id.

Plaintiff alleges that on March 1, 2013, Garcia went to plaintiff's house without a search warrant and seized $9100 in cash and an Apple McIntosh laptop. Plaintiff avers that his house was "locked and secure" and there was "no emergency." Id. Plaintiff avers that the forfeiture order issued after sentencing "revealed that the seized $9100 and Apple MacBook [were] not subject to forfeiture, fine or restitution." Id. at 10. Plaintiff contends that, because the criminal case is now "closed," he is entitled to pursue a civil rights action against defendant Garcia, whom he characterizes as "a goon and a robber." Id. at 1. Plaintiff seeks to obtain damages and retrieve his property on the ground it was "unlawfully, unreasonably and unconstitutionally seized and was not a proceed of criminal activity." Id. The complaint alleges that defendant "violated plaintiff's due process rights and right to be secure from illegal seizures (and) right to be secure from unlawful arrest warrant. These rights secured by 4th, 5th and 14th Amendment[s] to U.S. Constitution. No, I did not file any administrative claim b/c they never reply to my claims earlier." Id.

Plaintiff seeks 11 million dollars in damages and one year of defendant's salary "as compensation and for negligence, for his mental, emotional and physical sufferings – for unlawful arrest for last 6 years." Id. at 12.

### C. Analysis

Review of the docket in plaintiff's federal criminal case demonstrates that on March 1, 2013, Garcia filed a Pretrial Services Violation Petition requesting that this court issue a "no bail" bench warrant for plaintiff's arrest, which was signed and issued the same date by United States Magistrate Judge Carolyn Delaney. See United States v. Mehmood, Case No. 2:12-cr-00154 JAM (ECF No. 34). Garcia noted in the Petition that the conditions of plaintiff's pretrial release included location monitoring, and informed the court as follows (id. at 1):

> On February 28, 2013, at approximately 9:19 p.m., Mr. Mehmood left his home without prior permission from Pretrial Services. At approximately 9:20 p.m., the defendant removed his GPS transmitter bracelet without authorization from Pretrial Services. At approximately 11:20 p.m., local law enforcement responded to the

4

> defendant's home and advised they located a note at the defendant's home which stated he was going to Pakistan. Law enforcement also located the GPS transmitter bracelet in the gutter in front of the defendant's resident. At this time, the defendant's current whereabouts are unknown.

Plaintiff was arrested on March 9, 2013 (ECF No. 40), and his continued detention was ordered on March 11, 2013 (ECF No. 38-9). Thus, contrary to plaintiff's allegations, the record establishes that plaintiff's arrest was made pursuant to a warrant supported by good cause and, prior to his arrest, there were exigent circumstances/probable cause to search plaintiff's home and confiscate property reasonably related to his disappearance (e.g. cash demonstrating plaintiff's ability to flee the country, and computer evidence concerning plaintiff's whereabouts). Cf. United States v. Scott, 450 F.3d 863, 867–70 (9th Cir. 2006) (pretrial bail condition allowing warrantless search of detainee's home without probable cause is unconstitutional).

Moreover, plaintiff's allegations concerning the confiscation of his property appears inconsistent with the existing record in his criminal case. Plaintiff's motion for the return of private property, filed in his criminal case on December 26, 2013, notes the confiscation of substantial cash but no Apple McIntosh laptop. (ECF No. 129.) The motion was denied because "defendant has not established that the property was unlawfully seized."[3] (ECF No. 184.) Thus, while substantial cash remains involved in the ongoing restitution proceedings, it is not clear that the laptop ever existed. Nor is clear whether the putative laptop, assuming its existence, was allegedly confiscated by defendant Garcia or local law enforcement. Moreover, plaintiff has alleged no facts refuting the clear inference that the alleged confiscation of the putative laptop was reasonable.

Thus, construed as a Bivens claim for which plaintiff seeks damages for Garcia's allegedly unconstitutional conduct,[4] plaintiff's allegations fail to state a cognizable claim.

---

[3] Plaintiff moved for reconsideration (ECF No. 205), and then filed an interlocutory appeal (ECF No. 209), divesting the district court of jurisdiction to reconsider the matter (ECF No. 213). The Court of Appeals dismissed the matter for lack of jurisdiction. (ECF No. 249.)

[4] Although plaintiff concedes he failed to comply with the requirements of the Federal Tort Claims Act, 28 U.S.C.002§ 2671 et seq., federal constitutional claims cannot be the basis of a tort claim against the federal government or its agencies under the FTCA. See FDIC v. Meyer, 510 U.S. 471 (1994) (state law provides the substantive ground for a claim under the FTCA).

Contrary to plaintiff's allegations, the available facts support a reasonable inference that the alleged search and seizure of plaintiff's subject property was lawful. See e.g. Anderson v. Creighton, 483 U.S. 635, 641 (1987) ("the determination whether it was objectively legally reasonable to conclude that a given search was supported by probable cause or exigent circumstances will often require examination of the information possessed by the searching officials").

Moreover, the allegedly unlawful seizure of plaintiff's cash and Apple laptop remains relevant to the restitution proceedings currently pending in plaintiff's criminal case. Under Rule 41(g), Federal Rules of Criminal Procedure, a criminal defendant may move for the return of confiscated property that was not applied to his final restitution debt. See Fed. R. Crim. P. 41(g);[5] United States v. Kaczynski, 416 F.3d 971, 974 (9th Cir. 2005). Under this construction, the instant action is, at best, premature because the final restitution order is currently being reconsidered.

Plaintiff is once again attempting to collaterally challenge matters pertinent to his criminal prosecution. For this reason, and because the instant complaint fails to state a cognizable claim that cannot currently be cured by amendment, the undersigned recommends that the instant action be summarily dismissed.

IV.     Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order filed concurrently herewith.

---

[5] Fed. R. Crim. P. 41(g) provides: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

3. The Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be summarily dismissed for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 7, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE